UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-60596-MORENO/SELTZER

GARFIELD SPENCE,

        Plaintiff,

vs.

MONOWARA KABIR CORPORATION,
d/b/a KWIK STOP FOOD STORE and
RAJA'S FAMILY INVESTMENTS, INC.,

        Defendants.
_____/

## DEFAULT JUDGMENT AGAINST DEFENDANTS

**THIS CAUSE** is before the Court upon Plaintiff's Verified Motion for Final Default Judgment against Defendants MONOWARA KABIR CORPORATION d/b/a KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC. [D.E. 9] filed July 25, 2018. Plaintiff filed this action on March 20, 2018. On May 2, 2018, the Clerk entered Default against Defendants, MONOWARA KABIR CORPORATION d/b/a KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC. due to their failure to properly answer or otherwise properly plead to the Complaint. [D.E. 8]. Therefore, it is hereby

**ORDERED and ADJUDGED** as follows:

Plaintiff's Verified Motion for Final Default Judgment against Defendants MONOWARA KABIR CORPORATION d/b/a KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC. is **GRANTED**. Judgment is hereby

1

entered in favor of Plaintiff GARFIELD SPENCE against Defendants MONOWARA KABIR CORPORATION d/b/a KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC. The Court herby ENJOINS Defendants, MONOWARA KABIR CORPORATION d/b/a KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC., from continuing its discriminatory practices, and ORDERS Defendants MONOWARA KABIR CORPORATION d/b/a KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC. to alter Kwik Stop located at 2300 SW 4th Avenue, Fort Lauderdale, FL 33315 ("the Facility") to comply with 42 U.S.C. § 12181, *et seq.* as follows:

**ACCESSIBLE ELEMENTS**

    a. Defendant, RAJA'S FAMILY INVESTMENTS, INC., shall modify the access aisle to the accessible parking space which is not level due to the presence of a ramp in the access aisle, so the access aisle is in compliance with Section 502.4 of the 2010 ADAAG standards.

    b. Defendant, RAJA'S FAMILY INVESTMENTS, INC., shall modify the accessible parking space which is not level due to the presence of ramp side flares in the accessible parking space, so the accessible parking space is in compliance with Section 502.4 of the 2010 ADAAG standards.

    c. Defendant, RAJA'S FAMILY INVESTMENTS, INC., shall modify the access aisle adjacent to the accessible parking spaces having a surface slope in excess of 1:48, so the access aisle is in compliance with Section 502.4 of the 2010 ADAAG standards and are not level.

d. Defendant, RAJA'S FAMILY INVESTMENTS, INC., shall modify the ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12, so the ramp is in compliance with Section 405.2 of the 2010 ADAAG standards.

e. Defendant, RAJA'S FAMILY INVESTMENTS, INC., shall modify the ramp side flares which have a slope in excess of 1:10, so the ramp side flares are in compliance with Section 406.3 of the 2010 ADAAG standards.

f. Defendant, MONOWARA KABIR CORPORATION., shall modify the interior of the Facility which has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor, so the counter is in compliance with Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor.

g. Defendant, MONOWARA KABIR CORPORATION, shall modify the door leading to the restroom area of the Facility which lacks a proper minimum maneuvering clearance, so the door leading to the restroom is in compliance with Section 404.2.4 of the 2010 ADAAG standards.

**RESTROOMS**

    a. Defendant, MONOWARA KABIR CORPORATION, shall modify the restroom sink with inadequate knee and toe clearance, so the restroom sink is in compliance with Section 306 of the 2010 ADAAG standards.

    b. Defendant, MONOWARA KABIR CORPORATION, shall modify the lavatories and/or sinks in the restrooms which have exposed pipes and surfaces and are not insulated or configured to protect against contact, so the sink is in compliance with Section 606.5 of the 2010 ADAAG standards.

    c. Defendant, MONOWARA KABIR CORPORATION, shall modify the controls on the faucets require pinching and turning of the wrists, so the faucets are in compliance with Section 309.4 of the 2010 ADAAG standards.

    d. Defendant, MONOWARA KABIR CORPORATION, shall modify the mirror in the bathrooms exceeding the maximum height permitted, so the mirror in compliance with Section 603.3 of the 2010 ADAAG standards.

    e. Defendant, MONOWARA KABIR CORPORATION, shall modify the restrooms having grab bars adjacent to the commode, so the grab bars are in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short.

f. Defendant, MONOWARA KABIR CORPORATION, shall modify the hand operated flush control which is not located on the open side of the accessible stall, so the flush control is in compliance with Section 604.6 of the 2010 ADAAG standards.

g. Defendant, MONOWARA KABIR CORPORATION, shall modify the inadequate clear turning space in the restroom, so the clear turning space in the restroom is in compliance with Section 603.2.1 of the 2010 ADAAG standards.

h. Defendant, MONOWARA KABIR CORPORATION, shall modify the door hardware of the bathroom entrance which has operable parts which require tight grasping, pinching or twisting of the wrist, so the restroom door hardware is in compliance with Section 309.4 of the 2010 ADAAG standards.

i. Defendant, MONOWARA KABIR CORPORATION, shall modify the door of the restroom which lacks a proper minimum maneuvering clearance, so the door to the restroom is in compliance with Section 404.2.4 of the 2010 ADAAG standards.

All references to "ADAAG standards" shall refer to ADA Accessibility Guidelines for Buildings and Facilities (ADAAG) as amended through September 2010.

The above-referenced alterations and modifications shall be completed in all respects by December 31, 2018. If the alterations and modifications are not completed in all respects by December 31, 2018, then Defendants,

5

MONOWARA KABIR CORPORATION, D/B/A KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC., shall be subject to reasonable sanctions to compel compliance with this Judgment. Said sanctions may include but not be limited to per diem fines and/or the closing of the premises until said modifications are completed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Final Default Judgment against Defendants, MONOWARA KABIR CORPORATION, D/B/A KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC. [D.E. 9], is **GRANTED**.

The Court retains jurisdiction of the above-styled action to permit Plaintiff to seek attorney's fees and costs and to assure Defendants, MONOWARA KABIR CORPORATION, D/B/A KWIK STOP FOOD STORE and RAJA'S FAMILY INVESTMENTS, INC., subsequent compliance with this Judgment and the Americans with Disabilities Act.

DONE AND SIGNED in Chambers, at Miami, Florida this 8th day of August 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record